UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ANDREW ARRAND,<br><br>            Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>            Defendant. | 2:16-cv-01293-RFB-VCF<br>**REPORT AND RECOMMENDATION**<br><br>MOTION FOR SUMMARY JUDGMENT [ECF NO. 21] AND CROSS-MOTION TO AFFIRM [ECF NO. 23] |

      This matter involves Plaintiff Andrew Arrand's appeal from the Commissioner's final decision denying Arrand's social security benefits. Before the Court are Arrand's Motion for Summary Judgement (ECF No. 21) and the Commissioner's Cross-Motion to Affirm (ECF No. 23). For the reasons stated below, the Court recommends denying Arrand's Motion and granting the Commissioner's Motion.

### STANDARD OF REVIEW

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V.  Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation outlined in 20 C.F.R. § 404.1520. The ALJ concluded that Arrand did not engage in substantial gainful activity since September 27, 2010. (ECF No. 16-1 at 15). The ALJ found that Arrand had the following severe impairments: anxiety related disorders, affective disorder, a 2mm disc protrusion at C5-6 toward the left, and intervertebral disc syndrome. (*Id.*). The ALJ determined that these impairments did not meet or equal any of the "listed" impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 18). The ALJ determined that Arrand possessed the residual functional capacity to perform light work, limited to

occasionally lifting up to 20 pounds and frequently lifting up to 10 pounds; standing or walking about six hours and sitting about six hours in an eight-hour workday; occasionally climbing ladders, ramps, and scaffolds; occasionally stooping, kneeling and crouching; doing unskilled work; and interacting with supervisors in non-intensive encounters. (*Id.* at 19-20). The ALJ also determined that Arrand was unable to perform any past relevant work, but would be able to perform other jobs that exist in significant numbers in the national economy. (*Id.* at 24-25). Overall, the ALJ determined that Arrand had not been under a disability, defined in the Social Security Act, from September 27, 2010, through the date of this decision. (*Id.* at 26).

Arrand challenges the ALJ's assessment on two grounds. One, Arrand argues that the ALJ wrongfully discounted the Veteran Affair's ("VA") determination that Arrand was 100% disabled. (ECF No. 21 at 8). Specifically, Arrand asserts that the ALJ failed to give weight to the VA determination of disability, and did not give clear and convincing reasons for rejecting the VA medical opinion of total disability. (*Id.* at 8-9). Two, Arrand argues that the ALJ wrongly discounted Arrand's personal testimony. (*Id.* at 10). Arrand asserts that there were no convincing reasons for why the ALJ determined that Arrand was not credible. (*Id.* at 10-14).

The Commissioner argues that the ALJ did not err in her determination, and that the ALJ's decision is supported by substantial evidence. (ECF No. 23 at 1). Specifically, the Commissioner argues that ALJ properly considered the evidence from the VA. (*Id.* at 5-6). The Commissioner argues that the ALJ properly concluded that the VA's disability ratings do not translate into concrete function limitations and the VA's impairments were not severe impairments under step two of the disability evaluation for Social Security. (*Id.* at 5-6). The Commissioner also argues that the ALJ's determination of partially adverse credibility of Arrand was proper and supported by evidence. (*Id.* at 8). The Commissioner asserts that the

ALJ's determination was supported by evidence, because there were contradictions between the record and Arrand's testimony. (*Id.* at 8-9).

## I.     Discounting the VA's Determination of Total Disability

"[A]n ALJ must ordinarily give great weight to a VA determination of disability." *Valentine v. Comm'r SSA*, 574 F.3d 685, 694-95 (9th Cir. 2009). The Ninth Circuit has ruled that the VA disability rating is entitled to evidentiary weight in a Social Security hearing, because of the mark similarity between the two federal programs. *McCartey v. Massanari*, 298 F.3d 1072, 1075-1076 (9th Cir. 2002). However, even though the ALJ must consider the VA's finding in their decision, the VA rating does not necessarily compel the SSA to reach an identical result. An ALJ may give less weight to a VA disability rating if they give persuasive, specific, and valid reasons for doing so that are supported by the record. *Valentine* at 694-95 (9th Cir. 2009). Therefore, the determination here is whether the ALJ gave persuasive, specific, valid reasons supported by the record. *McCartey* at 1076.

In this case, the ALJ did not accept the VA's medical determination of total disability. (ECF No. 16-1 at 22). The ALJ relied on a determination that the VA record does not contain a functional-by-function assessment of Arrand's capabilities per se, which is required to determine disability under the Social Security Act. (*Id.*). The differences in assessments is not enough of a reason to reject the VA determination by itself. *Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018). Here, the ALJ determined that even if the VA evaluation of total disability is considered and interpreted as an opinion that Arrand is unable to perform work even at a sedentary exertional level, the VA evaluation is inconsistent with the objective findings in the medical record and with the medical opinion evidence. (ECF No. 16-1 at 22).

The ALJ states that Arrand has several medical determinable impairments, but that they do not satisfy the diagnostic criteria for the Social Security Act to determine total disability. (*Id.*). The ALJ goes through Arrand's medical records and points out that there were unremarkable findings on CT's of the

spine, the MRI showed no compression or contusions (though it did show a small disc protrusion which was considered in the analysis), the x-rays of Arrand's knees were normal, and a CT of his brain was normal. (*Id.* at 15-16, 18). In terms of Arrand's mental impairments, Arrand stated he had severe PTSD, but the ALJ noted how the VA determined that while Arrand has PTSD, it was mild and he generally functioned well. (*Id.* at 16, 20, 23). The ALJ properly considered all of this evidence and found it to be consistent with the residual functional capacity of light work, summarized the VA's findings, and explained the rationale for her own findings. (*Id.* 15-24). Arrand asserts that the ALJ did not consider all of the evidence at all of the steps. (ECF No. 25 at 4). The Court notes that the ALJ's analysis of both the physical and mental impairments appears Sections 3-5 in the Findings of Facts and Conclusions of Law section of the decision. (ECF No. 16-1 at 15-16, 18). The Court looks to the opinion as a whole, rather than looking at each individual section on its own.

The Court finds that the ALJ states clear, specific, and valid reasons that were supported by the medical record for according little weight to the VA disability rating.

### II.     **Discounting Arrand's Personal Testimony Credibility**

When determining that Arrand was able to perform light work, and was not under a disability for the purposes of Social Security, the ALJ discounted Arrand's personal testimony. (ECF No. 16-1 at 23-24). Arrand argues that the ALJ rejected this testimony without demonstrating a specific or legitimate reason to reject the testimony. (ECF No. 21 at 10-14).

If the ALJ decides to discount the claimant's testimony regarding his or her subjective symptoms, the ALJ must engage in a two-step analysis before finding the claimant's testimony lacks credibility. SSR 16–3p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d

341, 344 (9th Cir. 1991). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). To reject the claimant's testimony, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than he claims. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints, because general findings are not sufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

After reviewing the administrative record, the parties' brief, and applicable law, the Court finds that the ALJ provided clear and convincing reasons for finding Arrand's testimony not fully credible. The ALJ found that some of Arrand's medically determinable impairments could be expected from his alleged symptoms. (ECF No. 16-1 at 21). However, the ALJ found that Arrand's statements about the level of impairment and severity of his symptoms were inconsistent with and not supported by the record as a whole. (*Id.*). The ALJ also noted inconsistencies in the testimony of Arrand that he went every one to two months for psychiatric treatment compared to the medical record that contained few records of treatment. (*Id.* at 23). The ALJ also noted that none of Arrand's radiological studies appeared severe and Arrand himself reported that he went running, hiking, and worked out. (*Id.*). There were also inconsistencies in Arrand's testimony regarding alcohol and marijuana use and unemployment benefits. (*Id.* at 24).

The Court finds that the ALJ based her determination on substantial evidence in the record. The ALJ provided clear and specific reasons for discounting the VA's determination of total disability, and for discounting the credibility of Arrand's personal testimony. Therefore, the Court recommends denying Arrand's motion for summary judgment and granting the Commissioner's cross-motion to affirm.

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Andrew Arrand's Motion for Summary Judgment (ECF No. 21) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 23) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 23rd day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE