# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ANDREW ARRAND,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:16-cv-01293-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered December 23, 2018. ECF No. 27. Plaintiff objected on November 13, 2018. ECF No. 30. For the reasons discussed below, the Report and Recommendation is rejected in part and adopted in part, and the case is remanded for additional consideration.

## II. BACKGROUND

Plaintiff initiated his application for Social Security benefits on September 12, 2013. Defendant denied the application initially and on reconsideration. Plaintiff, an army veteran, received disability benefits from the United States Department of Veterans Affairs ("VA") on July 18, 2014. On November 23, 2015, Plaintiff and a vocational expert appeared and testified before Administrative Law Judge ("ALJ") Cynthia R. Hoover. On January 22, 2016, the ALJ found that Plaintiff was not disabled.

**III. LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. at 1039. When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Id. at 1014–15. First, the claimant

must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but he must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of his symptoms. Garrison at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's residential functional capacity ("RFC") whether the claimant can make an adjustment to substantial gainful work other than his past relevant work. 20 C.F.R. § 404.1520(g).

### IV. DISCUSSION

In the written decision dated January 22, 2016, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 27, 2010 and that he had the following severe impairments: anxiety related disorders, affective disorder, a 2mm disc protrusion at C5-6 toward the left, and intervertebral disc syndrome. She found that Plaintiff did not meet or equal a listing and had the residual functional capacity to perform light work, except that he could occasionally lift up to 20 pounds and frequently lift up to 10 pounds; stand or walk for about six hours in an eight-hour workday; sit for about six hours in an eight-hour workday; occasionally climb ladders, ramps and scaffolds; occasionally stoop, kneel, and crouch; should avoid even moderate exposure to hazards; was limited to unskilled work with some detailed instructions or tasks; could work with

supervisors in non-intensive encounters; and could adapt to routine changes in work settings. Though the ALJ found Plaintiff was unable to perform his past relevant work, she found he was capable of performing other work existing in significant numbers in the national economy and identified the representative positions of order clerk (Dictionary of Occupational Titles ("DOT") 209.567-014), document preparer (DOT 249.587-018), and election clerk (DOT 205.367-030).

Plaintiff challenges the ALJ's decision on two bases. ECF No. 21. First, Plaintiff argues that the ALJ improperly discounted the VA's medical determination that Plaintiff is 100% disabled. Second, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discrediting Plaintiff's testimony.

The Magistrate Court, the Honorable Cam Ferenbach, reviewed the ALJ's decision and found it to be supported by substantial evidence free from legal error. ECF No. 27. Judge Ferenbach found that the ALJ properly considered evidence from the VA and that the ALJ's partially adverse credibility finding was supported by substantial evidence.

After review of the record, the parties' briefs, and Judge Ferenach's Report, the Court adopts the Report and Recommendation only in part. The Court concludes that the ALJ erred in her analysis of Plaintiff's disability claim by failing to give the VA's disability rating great weight. The Court also finds that substantial evidence supports the ALJ's credibility findings.

**A. VA Disability Determination**

The ALJ offered the following analysis of the VA disability determination:

> I have also considered the fact that the claimant testified that he was assessed a disability rating by the Veterans Administration (VA). This testimony has been corroborated by the above referenced VA records. However, I also note that the VA evaluation process and the Social Security disability program are individual programs, each with its own standard for establishing "disability." An evaluation by the VA does not necessarily equate to a finding of "disability" under the Social Security Act, but the VA evaluation must be considered (SSR 96-5p). In the instant case, VA evaluation assesses percentages but there are no specific findings regarding functional limitations per se, which may correspond directly to Social Security Administration standards for the purpose of finding disability under the Act. VA treatment records are in evidence as discussed in this decision, and I have considered the findings and opinions contained in those records in conjunction with the findings and opinions in the remainder of the medical evidence. The VA record does not contain a functional-by-function assessment of the claimant's capabilities

per se, such an assessment is required to determine "disability" under the Social Security Act (SSR 96-8p). Even assuming arguendo that the VA evaluation would be interpreted as an opinion that the claimant would be unable to perform work at a medium, light or even a sedentary exertional level on a regular and continuing basis, 8 hours a day, 5 days a week (SSR 96-8p), such an assessment would be disproportionate to the objective findings reflected in the medical record and is inconsistent with the greater weight of the medical opinion evidence as discussed more specifically in this decision. Consequently, the results of the VA evaluation cannot be fully credited. SSR 96-5p, and 06-3p. Also, 20 CFR 404.1504, 404.1512, 404.1527(d)(3)-(4) and 616.912, 416.920 416.927(d)(3)-(4).

An ALJ "must consider the VA's finding in reaching his decision" and "must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "The VA undertakes a very thorough review of a claimant's medical history before rating that claimant as disabled." Greger v. Barnhart, 464 F.3d 968, 976 (9th Cir. 2006). The Ninth Circuit has described the "marked similarity between these two federal disability programs" and has held that "[t]he VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework." McCartey, 298 F.3d at 1076. The Circuit has recognized that the two programs are not identical; therefore, an ALJ "may give less weight to a to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. However, because of the close relationship between the programs detailed in McCartey, an ALJ may not rely on the differences between the programs to support a different disability finding. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009) ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that the VA and SSA disability inquiries are different, her analysis fell afoul of McCartey.").

The ALJ in this case distinguished the VA evaluation for its use of percentages rather than specific functional limitations findings and for its lack of a function-by-function assessment of Plaintiff's capacities. These reasons are based on the general differences between the VA criteria and the Social Security framework. They are contrary to Valentine and McCartey and cannot be bases for declining to give great weight to the 100% disability rating.

The ALJ next wrote that, even assuming that the VA analysis was comparable and that the VA evaluation supported a finding of disability, the VA's "assessment would be disproportionate

to the objective findings reflected in the medical record and [ ] inconsistent with the greater weight of the medical opinion evidence as discussed more specifically in this decision." The ALJ's analysis of the VA evaluation ends there. But the ALJ's generalized reference to her own forthcoming analysis of the record cannot constitute a persuasive, specific, and valid reason for discounting the VA's determination of disability. See Mooney v. Astrue, 374 F. App'x 705, 707 (9th Cir. 2010) (finding the ALJ's reasoning insufficient where "the ALJ rejected the VA's 100% disability award because 'the full record indicated the claimant was able to sustain work at the competitive level'"). The ALJ provided no specific reason for her determination that the VA evaluation could not be fully credited. The ALJ therefore erred in failing to give the VA disability rating great weight.

**B. Credibility Determination**

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that Plaintiff's statements were not credible regarding the severity of his pain and his ability to work.

As there is no evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of his symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). As of 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of record. Id.

The Court finds that the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony. The noted inconsistencies between Plaintiff's statements and the medical record are supported by substantial evidence. Plaintiff testified that he sees a counselor or a psychotherapist

"probably every month or every couple months" for psychotherapy, AR 16-1 at 52, but the medical evidence of record does not support such frequent treatment. When the ALJ asked Plaintiff if he had "received other benefits in the past such as unemployment," Plaintiff testified that he had not, AR 16-1 at 41, but Plaintiff reported to a physician in 2013 that he had collected unemployment in 2010. Plaintiff also testified that he uses alcohol only "socially" and pot "sometimes," though he also acknowledged drinking about a 12-pack a week, up to five drinks at a time, and thirty to forty drinks per month during some months. AR 16-1 at 52–53. The ALJ found Plaintiff to be downplaying his use of drugs and alcohol given the VA's recent finding that Plaintiff was experiencing PTSD with alcohol use disorder and unspecified cannabis-related disorder.

While alternative explanations for these inconsistencies exist – for example, Plaintiff's psychotherapy treatment records may be incomplete; Plaintiff may have forgotten that he had collected unemployment benefits several years earlier, or his conversation with the physician may have been mis-recorded; Plaintiff may have been somewhat embarrassed in his reports of alcohol use but not necessarily unforthcoming or dishonest – the ALJ's credibility finding is supported by the record and the Court may not substitute its judgment for the ALJ's. The Court does not find that the ALJ's rejection of Plaintiff's testimony was necessarily in error.

### C. Need for Additional Proceedings

Having found that the ALJ erred in its disability determination, the Court next considers whether to remand for additional proceedings or for an award of benefits. "[T]the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (quoting I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002)). This Court "can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 n.6 (9th Cir. 2014) (citation omitted). The Court considers whether the record is fully developed, whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administration proceedings

/ / /

would be useful. Id. at 1101. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." Id.

In this case, while the ALJ improperly weighed the 100% VA disability rating, this rating is not dispositive. McCartey, 298 F.3d at 1076 (noting that "a VA rating of disability does not necessarily compel the SSA to reach an identical result"). While the Court finds that the error was not harmless, the Court also finds that it is not clear from the record that the ALJ would be required to find Plaintiff disabled when the VA disability rating is properly weighed. On remand, the ALJ is instructed to reevaluate the evidence of record with great weight given to the 100% VA disability rating.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 27) is REJECTED in part and ADOPTED in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 21) is GRANTED and that Defendant's Cross-Motion to Affirm (ECF No. 23) is DENIED.

**IT IS FURTHER ORDERED** that the decision of the ALJ Is VACATED and the case is REMANDED to the Agency for further administrative proceedings. The Appeals Council is instructed to remand the case to an ALJ for a new decision. The ALJ is instructed to reevaluate the evidence of record with great weight given to the 100% VA disability rating.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED:** April 19, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**